UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, | ) ) ) | |
| Plaintiff, | ) ) | 3:11-cv-014-LRH-WGC |
| vs. | ) ) ) | MINUTES OF THE COURT |
| PORTER HAYDEN COMPANY, | ) ) | |
| Defendant. | ) ) | November 22, 2011 |

PRESENT:  HONORABLE WILLIAM G. COBB , UNITED STATES MAGISTRATE JUDGE

Deputy Clerk:  Lia Griffin            Court Recorder:       FTR 9:00am - 9:31am

Plaintiff counsel:   Daniel Hayward, Kristen Vine (telephonically)

Defendant counsel:   None appearing       Interested Party Western Asbestos Settlement Trust:
                                                              Wayne Klomp and John P. Sande, III

PROCEEDINGS:     MOTION HEARING: MOTION to Compel (#1); MOTION to Strike (#8)

9:00am       Court convenes.

The court and counsel confer regarding the procedural posture of this case.

I.       Motion to Strike (#8)

Counsel are canvassed regarding the status of the Motion to Strike the Affidavit. The motion (#8) is deemed MOOT in light of the agreement between parties.

II.      Motion to Compel (#1)

Regarding the Motion to Compel Compliance with Subpoena, plaintiff National Union has agreed with the Interested Party, Western Asbestos Settlement Trust (WAST), that WAST will comply (within a limited scope) with the subpoena. The remaining issue is where the claimants who

submitted the underlying asbestos-related claims to WAST will file any objections to the National Union subpoenas, i.e., the District of Nevada where the subpoena was issued and where the motion to compel is pending or the District of Maryland where the underlying action is venued.

The court hears argument regarding jurisdiction over any objections which may be filed. The court concludes the objections of claimants, if any, should be filed in the District of Maryland action. The parties have agreed that this Court has jurisdiction to decide the issue of which forum any claimants' objections have to be lodged, and that it is within the court's discretion to make this determination.

The court makes its decision, in part, based on the Advisory Committee's note to Rule 26(c) (Protective Orders) that "...the court in the district where the deposition is being taken may, and frequently will, remit the deponent or the party to the court where the action is pending." The court also found persuasive the rationale expressed in Eric C. Rajala v. McGuire Woods, LLP, Civil Action No. 08-2638-CM-DJW, WL 4683979, (D. Ks. Nov. 12, 2010) which noted that in order to insure "uniform treatment" of discovery issues the forum court may be called upon to resolve such disputes. The court stated this approach adopts the rationale in Magistrate Judge Leavitt's decision in Platinum Air Charters, LLC v. Aviation Ventures, Inc., No. 2:05-cv-1451-RCJ-LRL, 2007 WL 121674, (D. Nev. Jan. 10, 2007).

The court also noted this approach is consistent with the manner in which objections to subpoenas have been lodged by claimants in other jurisdictions, i.e., by submission of the discovery motions to the District of Maryland (set for hearing on December 15, 2011).

IT IS ORDERED so that general discovery issues receive uniform treatment regardless of the District in which the discovery is pursued, the claimants shall file any objections in the District of Maryland, Baltimore Division. Counsel shall modify the Confidentiality Agreement found at exhibit 1, paragraph 1 to state, "objections shall be filed in the District of Maryland, Baltimore Division."

The Motion to Compel [1] STAYED pending ruling by the Maryland District Court on any objections filed by the claimants. Parties shall advise the court of the necessity of further proceedings.

A written decision will be issued.

9:30am      Court adjourns.

                                        LANCE S. WILSON, CLERK

                                        By: _____
                                              Deputy Clerk