1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                             **DISTRICT OF NEVADA**

8

9    NATIONAL UNION FIRE INSURANCE )      3:11-cv-00014-LRH-WGC
     COMPANY OF PITTSBURGH, PA.,      )
10   AND AMERICAN HOME ASSURANCE )
     COMPANY,                         )
11                                    )    **ORDER**
              Plaintiffs,             )
12                                    )
         vs.                          )
13                                    )
     PORTER HAYDEN COMPANY, *et al.*, )
14                                    )
              Defendants.             )
15   _____)

16          Before the court is the Motion to Compel Compliance with Subpoena filed by National

17   Union Fire Insurance Company of Pittsburgh, Pa. and American Home Assurance Company

18   (Insurers). (Insurers' Mtn. to Compel (Doc. # 1).)[1] Specifically, the Insurers wish to compel

19   compliance with a subpoena issued to third party, Western Asbestos Settlement Trust

20   (WAST). (*Id.*) While the parties' joint statement (Doc. # 32) indicates an agreement that the

21   Motion to Compel (Doc. # 1) need not be heard, the motion was not withdrawn, and the

22   parties further agreed that an issue with respect to the subpoena remained to be heard and

23   determined by the court, as discussed further herein. (*See* Doc. # 32 at 4 n. 3.)

24          The court held a hearing on this motion on November 22, 2011. (*See* Minutes

25   (Doc. #35).) To the extent it was indicated in the Minutes of that hearing that the court

26   would stay the Motion to Compel pending ruling by the District of Maryland on objections

27   filed by Claimants regarding subpoenas issued to other claim processing facilities, the court

28
            _____
                  [1] Refers to court's docket number.

1    hereby lifts the stay, and issues the instant Order.

2                                    **I. BACKGROUND** [2]

3           This matter arises out of litigation currently pending in the United States District

4    Court for the District of Maryland, *National Union Fire Insurance Company of Pittsburgh,*

5    *Pa., et al. v. Porter Hayden Company*, 1:03-cv-03408-CCB, and *Porter Hayden Co., et al.*

6    *v. National Union Fire Ins. Co. Of Pittsburgh, Pa.*, 1:03-cv-03414-CCB (Coverage Action).

7    The Coverage Action arose out of a dispute between the Porter Hayden Company (Porter

8    Hayden) and its insurers, National Union Fire Insurance Company of Pittsburgh, Pa., and

9    American Home Assurance Company (Insurers).

10          Porter Hayden was an industrial and commercial insulation contractor operating in

11   the Mid-Atlantic states from the 1920's to the late 1980's. Until 1973, some of the insulation

12   materials handled, sold or distributed by Porter Hayden contained asbestos. In 2000, the

13   Coverage Action was filed, seeking to determine the extent of any obligation on the part of the

14   Insurers to defend and indemnify Porter Hayden for its asbestos bodily injury liabilities. In

15   2003, Porter Hayden filed a petition in bankruptcy and pursued a chapter 11 reorganization

16   with a channeling injunction issued under 11 U.S.C. § 524(g). Porter Hayden's reorganization

17   plan was confirmed in 2006, and all of its non-liquidated asbestos-related bodily injury

18   liabilities, existing or future, were channeled to the Porter Hayden Bodily Injury Trust

19   ("PHBIT").

20          In the course of discovery in the Coverage Action, the Insurers issued Federal Rule of

21   Civil Procedure 45 subpoenas to four asbestos claims processing facilities and one asbestos

22   trust individually, Western Asbestos Settlement Trust (WAST).  As discussed further below,

23   WAST has objected to certain aspects of the subpoena. Asbestos claims processing facilities,

24   and asbestos trusts administer the submission, processing and payment of claims for

25   compensation for asbestos-related bodily injuries by individuals against a number of former

26   _____

27          [2] The court had requested the parties to jointly summarize the somewhat complicated background
     of this action, and the parties' respective positions. The court's summary herein is predicated upon
28   the agreed statement of facts and positions presented by the parties. (*See* Doc. # 32.)

tort defendants. Specifically, WAST, located in Nevada, administers claims for the MacArthur Company, Western Asbestos Company and Western MacArthur Company. The subpoenas were issued from the district courts where the claims processing facilities were located, New Jersey, Virginia, Delaware, Pennsylvania, and Nevada.

The subpoenas sought documents from WAST and the claims processing facilities with respect to claimants who brought asbestos bodily injury claims against both the PHBIT and any of the other trusts for which the claims processing facilities handle claims. The Insurers have argued in the Coverage Action that if they owe any obligation to reimburse Porter Hayden for bodily injury claims that have been paid through the PHBIT, then the amounts of such settlements must have been reasonable. The Insurers wish to determine through the documents requested in the subpoenas whether claimants who filed claims for compensation with both PHBIT and one or more other trusts provided consistent information to each trust as to work, exposure and medical history. The documents, the Insurers argue, will allow them to determine the reasonableness of the claims settlements paid by the PHBIT, both as to consistency and value.

Each of the claims processing facilities and WAST issued objections to the subpoenas. Through meet and confer efforts, the Insurers agreed to limit the scope of information sought, and in turn the claim processing facilities and WAST agreed to produce that limited amount of claimant information. Each of these agreements, however, was contingent upon WAST and Insurers entering into a confidentiality agreement and protective order, *to be filed in the Coverage Action* (per terms of the Agreement), to protect the claimants' confidential information and to provide a process by which the claimants could object to the production of their claim information.  As to each of the claims processing facilities, except for WAST, a confidentiality agreement and protective order has been entered into, the claimants have been notified of the proposed production, *and counsel on their behalf have filed objections in the Coverage Action in the United States District Court for the District of Maryland*. Those objections, along with other discovery motions, are set for a hearing in the District of Maryland on December 15, 2011.

After being served with the subpoena, WAST reserved its right to serve objections to production of the materials sought pursuant to Rule 45(c)(2)(B). (*See* Doc. # 1-7 (Ex. F).) After unsuccessful attempts between the Insurers and WAST to resolve the scope of the subpoenas, the Insurers brought a Motion to Compel herein. (Doc. #1.) In response, WAST asserted various arguments, some of which mirror Porter Hayden's objections lodged in the Coverage Action to the WAST subpoena. (*See* Doc. # 9; Doc. # 9-6 (Ex.  5).) The Porter Hayden objections were predicated on Federal Rules of Civil Procedure 45 and 26. (Doc. # 9-6 (Ex.  5) at 2.)

In the interim, with respect to the subpoena issued to WAST, the Insurers agreed to limit the requested information to the claim forms submitted by the claimants, and WAST agreed to provide that information, subject to the measures discussed above to protect the claimants.  The parties have already taken the initial steps toward that production. Pursuant to an initial confidentiality agreement, the Insurers provided WAST with a list of the individuals who brought claims against the trusts administered by WAST and identified all of the matching claimants.  The Insurers and WAST have agreed to almost all of the language of the additional confidentiality agreement and protective order between them that is *to be filed in the Coverage Action*.[3] The only remaining point of contention is *where* the claimants themselves should file any objections they may have to the document production, i.e., the District of Nevada, where the subpoena was issued; or Maryland, where the Coverage Action is pending, and as noted above, where the objections from claimants in other jurisdictions are being resolved.

## II. THE PARTIES' POSITIONS

### A. Insurers' Position

The Insurers argue that any objections to the subpoena should be resolved in the Coverage Action in the United States District Court for the District of Maryland.  The claimants who have brought claims against PHBIT would lodge any objections, not WAST.

---

[3] The draft confidentiality agreement and draft protective order prepared by the Insurers and WAST are attached as Exhibits 1 and 2, respectively, to the parties' joint statement (Doc. # 32).

In response to the anticipated argument that the District of Nevada would be a more convenient venue for objections, the Insurers contend that the claimants identified by WAST could live anywhere at this time, so the District of Nevada is no more convenient than the District of Maryland.

The Insurers also reiterate that *each of the other claims processing facilities agreed that the claimant objections should be filed and heard in the Coverage Action in the District of Maryland.* They also indicate that some of the WAST claimants may have also brought claims against the trusts administered by the other four claims processing facilities in the District of Maryland.

Finally, the Insurers claim that having the objections heard in the District of Maryland would be in the interests of judicial economy and would avoid inconsistent results. Specifically, the Insurers stress that the District of Maryland is overseeing the Coverage Action and has extensive background knowledge that would be of assistance in resolving the objections.

**B. WAST's Position**

WAST, on the other hand, argues that before production or disclosure of potentially confidential information is made pursuant to the subpoena, the claimants, who are often elderly or family members of deceased asbestos victims, should be provided an opportunity to object in the District of Nevada, where the subpoena was issued. WAST also submits that it should not be required to retain counsel and appear in federal court in the District of Maryland, which likely does not have personal or subject matter jurisdiction.

**III. ANALYSIS**

Despite their disagreement on where the objections should be heard, the parties did agree at the hearing on this motion that this court has jurisdiction, and it is within this court's discretion, to make this determination. (*See* Doc. # 35 at 2.)

While WAST requests that the court retain jurisdiction to hear all matters related to the subpoena, including objections filed by individual claimants to the disclosure of information by WAST pursuant to the subpoena (*see* Doc. # 34 at 1-2), the  court does not

1   currently have before it a motion to quash or modify the subpoena on behalf of the claimants.

2   Nor has a motion for protective order been filed by the claimants in this court.  The dispute

3   surrounding the subpoena, however, does appear to be contingent on the execution of a

4   confidentiality agreement, and in that respect, the court interprets the request before it as a

5   motion to compel compliance with the subpoena.

6          In essence, what the parties are asking the court to do is determine where any future

7   motion to quash or modify the subpoena, or motion for protective order should be filed, so

8   that it may include such a provision in the proposed confidentiality agreement and protective

9   order to be filed *in the Coverage Action in the District of Maryland*.  It is somewhat troubling

10  to the court that its ruling herein may affect persons not served with the Rule 45 subpoena

11  that is the subject of this dispute, and not parties to the underlying Coverage Action.

12  However, as will be explained below, the court believes that the need for uniform treatment

13  of any claimant objections is paramount. In that respect, the parties represent that claimant

14  objections to similar subpoenas served in other jurisdictions (New Jersey, Virginia, Delaware

15  and Pennsylvania), have been filed in the Coverage Action in the District of Maryland. A

16  hearing on those objections is scheduled in the District of Maryland on December 15, 2011.

17  Therefore, the court is of the opinion that uniform treatment of the resolution of such multi-

18  jurisdiction objections can most reasonably occur if one forum were resolving those

19  objections. Logically, that forum is the District of Maryland.

20         The court arrives at this conclusion, in part, because of the Advisory Committee's notes

21  to Federal Rule of Civil Procedure 26(c), which states, in relevant part:

22         The subdivision recognizes the power of the court in the district where a
       deposition is being taken to make protective orders.  Such power is needed
23     when the deposition is being taken far from the court where the action is
       pending. The court in the district where the deposition is being taken may, and
24     frequently will, remit the deponent or party to the court where the action is
       pending.
25  Fed.  R.  Civ.  P.  26(c) Advisory Committee Notes.

26         While the motion currently before the court is one to compel compliance with a

27  subpoena under Rule 45, and not a motion for protective order under Rule 26(c), the court

28  finds the overarching principle of  uniform treatment of discovery issues achieved by

6

1   remitting the issue to the court where the action is pending weighs in favor of having

2   potential claimant objections determined in the District of Maryland.

3        The text of Rule 26(c), as well as the Advisory Committee's comments, expressly

4   acknowledge that "a party *or any person from whom discovery is sought may move for a*

5   *protective order in the court where the action is pending - - or as an alternative on matters*

6   *relating to a deposition, in the court for the district where the deposition will be taken." See*

7   Fed.  R.  Civ.  P.  26(c)(1), Advisory Committee Notes (emphasis added).  According to the

8   explicit text of Rule 26(c)(1), a non-party served with a subpoena for documents in another

9   district (or a non-party with standing to object), as is the case here, could seek a protective

10  order concerning the scope of the subpoena in the district where the action is pending.

11       The court also relies on the rationale expressed in two unreported decisions from the

12  District of Nevada, *Platinum Air Charters, LLC v.  Aviation Ventures, Inc.*, 2007 WL121674

13  (D. Nev. Jan. 10, 2007), and the District of Kansas, *Rajala v.  McGuire Woods, LLP*, 2010

14  WL4683979 (D. Kan. Nov. 12, 2010).

15       In *Platinum Air*, a party to an action pending in the District of Nevada, Vision, filed

16  a motion for protective order under Rule 26(c), or alternatively, a motion to quash under

17  Rule 45 in the District of Nevada, concerning a subpoena issued by another district to third

18  parties. *Platinum Air*, 2007 WL121674 at *2-3. There, the opposing party argued that the

19  District of Nevada should refrain from ruling on the motion because only the district court

20  issuing the subpoenas has jurisdiction over all of the persons, including those served with the

21  subpoena. The District Court of Nevada determined it could, and that *it should*, address the

22  issues raised by Vision's motion. *Id.*  at *3. The court reasoned:

23           Rule 45(c) does provide that subpoenas should be enforced by the district court
             which issued them, but this rule 'does not alter the broader concept that the
24           district court in which the action is pending has the right and responsibility to
             control the broad outline of discovery.' *Static Control Components, Inc v.*
25           *Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C. 2001) (citing *Fincher v.  Keller*
             *Industries, Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)). General discovery issues
26           should receive uniform treatment throughout the litigation, regardless of where
             the discovery is pursued.  The court, therefore, concludes that it can and should
27           address the issues raised by Vision's request for a protective order, as these
             issues extend well beyond the matter of a specific subpoena.  *Static Control*,
28           201 F.R.D. at 434 n.  5.

7

1    *Platinum Air*, 2007 WL121674 at * 3.

2         In *Rajala v. McGuire Woods*, 2010 WL4683979 (D. Kan. 2010), a party to an action

3    pending in the District of Kansas filed a motion for protective order regarding a subpoena

4    served by the defendant to the District of Kansas action on a third-party law firm in Chicago,

5    Illinois. *Rajala*, 2010 WL4683979 at *1. The subpoena was issued by the Northern District

6    of Illinois. *Id.* As in *Platinum Air*, the defendant argued the district where the action was

7    pending did not have jurisdiction to rule on the motion, and only the court issuing the

8    subpoena could rule on the motion. *Id.* at *2. The defendant also argued that regardless of

9    whether the plaintiff styled his motion as a motion for protective order under Rule 26 or a

10   motion to quash or modify the subpoena under Rule 45, it was essentially asking the court

11   to modify the subpoena, and thus, only the District of Illinois could rule on the motion. *Id.*

12   at *3.

13        The District of Kansas, like the District of Nevada, determined that "it can and should

14   address the [ ] issues raised by [the] discovery motion." *Rajala*, 2010 WL4683979 at * 7. The

15   District of Kansas relied heavily on the same language in *Static Control* as did the District of

16   Nevada in *Platinum Air*, *i.e.*, while Rule 45(c) instructs that the issuing court should enforce

17   subpoenas, the underlying principles that the district court where the action is pending has

18   "a right and responsibility to control the broad outline of discovery" and that "[g]eneral

19   discovery issues should receive uniform treatment throughout the litigation, regardless of

20   where the discovery is pursued." *Rajala*, 2010 WL4683979 at * 6 (quoting *Static Control*, 201

21   F.R.D. at 434).

22        The court in *Rajala* made the following conclusions which the court finds are worth

23   repeating here:

24        Notwithstanding the Rule 45(c)(3) principle that the district court which issues
         the subpoena has the exclusive authority to rule on motions to quash or modify
25       the subpoena, this Court has the authority and responsibility to control the
         broad outline and scope of discovery in the case. Thus, when a party files a
26       motion for protective order in this Court which would have the effect of
         quashing or modifying a subpoena issued from another district, this Court may
27       entertain that motion where (1) the issues raised are central to the case and
         extend beyond the specifics of the particular subpoena, and (2) the requested
28       ruling is necessary to insure that general discovery issues will receive uniform

1
2
3

> treatment, regardless of the district in which the discovery is pursued.
> Certainly, this Court has the obligation to insure that another district does not
> broaden the scope of discovery beyond what would be allowed in this Court or
> otherwise enter an order that would be inconsistent with the scope of discovery
> already drawn by this Court...

4    *Rajala*, 2010 WL4683979 at * 7.

5          The court concludes here, as in *Platinum Air* and *Rajala*, that the overriding interest

6    of uniform treatment of discovery requires the claimants' objections be brought and

7    determined in the District of Maryland, where the Coverage Action is pending. This approach

8    is consistent with the manner in which objections to subpoenas have been lodged by those

9    whose claim information has been subpoenaed in other districts. As indicated above, the

10   District of Maryland is scheduled to make a determination with respect to claimants objecting

11   to subpoenas issued from district courts in New Jersey, Virginia, Delaware, Pennsylvania to

12   trusts and claims processing facilities in those districts on December 15, 2011. It is important

13   that the objections filed by the claimants, no matter where they are located, be treated

14   uniformly. Also, the interests of judicial economy favor resolution by the District of Maryland

15   which undoubtedly is more familiar with the underlying dispute and "has the right and

16   responsibility to control the broad outline of discovery" in the Coverage Action. *Platinum*

17   *Air*, 2007 WL121674 at * 3 (citations omitted).

18         The court recognizes that the motion pending before the court in *Rajala* was a motion

19   for protective order under Rule 26(c), and not a motion to quash or modify the subpoena

20   under Rule 45. This does not change the court's analysis, because the court is in a unique

21   position where the claimants' objections have not yet been raised, so it is not clear at this time

22   whether the claimants, if they file objections, will raise them in the form of a motion for

23   protective order under Rule 26(c) or as a motion to quash or modify the subpoena under

24   Rule 45, or both. The court only notes that "more typically parties join a motion to quash with

25   a request for protective order under Rule 26(c)." *See Rajala*, 2010 WL4683979 at *4. This is

26   exemplified in *Platinum Air*, where the District of Nevada, the court in which action was

27   pending, ruled that it could make the discovery determination where the party had brought

28   a motion for protective order under Rule 26(c), or in the alternative, a motion to quash under

Rule 45.[4] The court would assume that because the Insurers and WAST agreed to file the proposed confidentiality agreement and protective order in the Coverage Action that any objection would take the form of a motion for protective order under Rule 26(c) filed in the District of Maryland.

Finally, the court does not find persuasive WAST's argument that by ruling that the objections should be determined in the District of Maryland, this court is compelling WAST, a non-party, to litigation in a court which lacks personal jurisdiction over it. (*See* Doc. # 34 at 4-5.) The court is not compelling WAST to litigate in the District of Maryland. The court is ruling that any potential *claimant objections* to the subpoena served on WAST should be filed and determined in the District of Maryland. The issue of whether the District of Maryland would have personal jurisdiction over the claimants, or WAST for that matter, is not currently before the court.

## IV.  CONCLUSION

The court concludes that in the interests of having general discovery issues receive uniform treatment regardless of where the discovery is pursued, objections of the claimants to the subpoena served on WAST should be determined by the United States District Court for the District of Maryland, Baltimore Division. Counsel shall modify the draft confidentiality agreement found at Exhibit 1 to the parties' joint statement (Doc. # 32), to reflect the court's Order.

**IT IS SO ORDERED**.

Dated: December 2, 2011

_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE

---

[4] The court appreciates that a particular claimant may choose to style its objection to the subpoena solely as a Rule 45 motion to quash or modify the subpoena, and therefore, this court may be forced to revisit this issue. *See S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829  (9th Cir.  2011) ("We now join the Eighth and the D.C. Circuits and hold that the issuing court, and not the court where the underlying action is pending, has the authority to consider motions to quash or modify subpoenas under Rule 45 of the Federal Rules of Civil Procedure."). In the event the court were faced with this situation, it intends to honor the principle of uniform treatment of discovery, and would give great deference to the rulings on similar claimant objections issued by the District of Maryland.